IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| METROPOLITAN CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:11-cv-745-DRH-DGW |
| v. | ) ) | |
| GEORGIA GORIOLA, | ) ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, United States Magistrate Judge.**

Now pending before the Court is the Motion to Bar Testimony of Jeffrey Watkins filed by Defendant, Georgia Goriola, on February 6, 2013 (Doc. 40) as well as the Motion to Strike Defendant's Expert Designation of Daniel Long filed by Plaintiff, Metropolitan Casualty Insurance Company, on March 8, 2013 (Doc. 45). For the reasons set forth below, the Motions are **DENIED**.

**BACKGROUND**

Georgia Goriola demanded compensation from Metropolitan Casualty pursuant to an insurance policy after a fire in her home on September 24, 2010 caused damage (Doc. 2). According to Metropolitan Casualty, Goriola forfeited compensation under the policy when she intentionally set the fire or otherwise acted to cause damage to her house, made misrepresentations, failed to cooperate in the investigation of the fire, and otherwise breached the terms of the policy. On September 28, 2010, Jeffrey Watkins personally observed the dwelling and interviewed Goriola on behalf of Metropolitan Casualty during its investigation of her claim (Doc. 43).

The Complaint in this matter was filed on August 30, 2011, (Doc. 2). On September 14, 2012, this Court issued its Second Amended Scheduling Order (Doc. 38). The Order read in pertinent part, "Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Fed. R. Civ. P. 26(a)(2), as follows: Plaintiffs' experts: January 1, 2013; Defendant's experts: March 1, 2013." (*Id*.).

On December 28, 2012, Plaintiff filed its Expert Disclosures, wherein Jeffrey Watkins was named as a non-retained expert (Doc. 39). Plaintiff's Expert Disclosures included the subject matter on which Watkins would likely present evidence as well as a summary of the facts and opinions Watkins would likely testify to (*Id*.). On February 6, 2013, Defendant filed a Motion to Bar Testimony of Jeffrey Watkins (Doc. 40). In the Motion, Defendant states that Watkins is not a non-retained expert but rather a retained expert and that Plaintiff consequently must provide more information than had been included in the Expert Disclosures (*Id.*). In response, Plaintiff asserted that Watkins was in fact a non-retained expert (Doc. 43).

On March 1, 2013, Defendant filed her Expert Witness Disclosure (Doc. 44). Defendant attached as exhibits reports signed by the expert witnesses (*Id*.). On March 8, 2013, Plaintiff filed its Motion to Strike Defendant's Expert Designation of Daniel Long and the Purported Expert Report of Daniel Long as Improper and Untimely, as well as a Memorandum in Support (Doc. 45). Plaintiff alleges that Defendant's expert disclosure failed in three respects: (1) by not disclosing all required information, (2) by not timely disclosing the expert, and (3) by not giving proper notice by way of supplementing her responses to Plaintiff's written discovery (*Id*.). Defendant's response challenges each of these assertions (Doc. 46).

**DISCUSSION**

*Defendant's Motion to Bar Testimony of Jeffrey Watkins*

Federal Rule of Civil Procedure 26(a)(2) establishes the requirements for disclosure of expert testimony. If the expert is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be accompanied by a written report containing the information provided in Rule 26(a)(2)(B)(i) through (vi).  If the expert witness does not meet this definition of a retained expert, then the disclosure of such a "non-retained" expert must still include "the subject matter on which the witness is expected to present evidence" as well as "a summary of the facts and opinions to which the witness is expected to testify."  FED.R.CIV.P. 26(a)(2)(C)(i-ii).

The official comments to the Federal Rules of Civil Procedure state that a treating physician is an example of an expert witness who was not retained or specifically employed to provide expert testimony. FED.R.CIV.P. 26 advisory committee's note, 1993 amend., subdiv. (a), para (2).  When a treating physician's testimony is limited to her observation, diagnosis, and treatment of a patient, she is "providing expert testimony because of [her] involvement in the facts of the case." *Musser v. Gentiva Health Services*, 356 F.3d 751, 757 (7th Cir. 2004).  If, however, a treating physician gives an opinion that she formed beyond her involvement in the case, then such a treating physician would be a retained expert and written report must be disclosed. *Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008).

The same can be said of Jeffrey Watkins.  Defendant contends that Mr. Wakins must be "retained" because of the nature of his testimony: he will provide opinions as to causation and his testimony is not limited to facts observed.  There is no showing that Mr. Watkins is Plaintiff's regular employee or that he was retained in order to provide expert testimony in this

case. Rather, Mr. Watkins was "engaged" by Plaintiff almost year before the present litigation in order to investigate and provide analysis of fire at issue in this case (Doc. 43). Defendant nonetheless states that, "Watkins opined that the fire was incendiary in nature and that the fire originated on a mattress when a pile of clothing was deliberately ignited. Thus Watkins' testimony goes well beyond what he observed during his investigation." (Doc. 40). However, the fact that Mr. Watkins' observations and opinions occurred prior to the present case does not create a causal relationship between his investigation and the present case. Defendant has not provided any evidence that would indicate that Mr. Watkins' observations were made in anticipation of providing expert testimony. Like a treating physician, a person who is retained by an insurance company during the normal course of investigating of an insured's claim is a non-retained expert and may provide opinions related to that investigation. Watkins is therefore a non-retained expert.

Because Mr. Watkins is not a retained expert as defined by Rule 26(a)(2)(B), the additional disclosure of information required for retained experts need not have been included. Plaintiff properly labeled Mr. Watkins a non-retained expert and included sufficient disclosure information under Rule 26(a)(2)(C). This Court expresses no opinion as to whether Mr. Watkins' testimony will be admitted pursuant to Federal Rules of Evidence 701, 702 or 703.

### *Plaintiff's Motion to Strike Defendant's Expert Designation of Daniel Long*

Disclosure of a retained expert must be accompanied by a written report containing all of the following: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in

which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." FED.R.CIV.P. 26(a)(2)(B)(i–vi). Neither the Rules of Civil Procedure nor its comments specify as to the format of the report, however, "[a] party must make these disclosures at the times and in the sequence that the court orders." FED.R.CIV.P. 26(a)(2)(D). Furthermore, a party must supplement or correct its Rule 26(a) disclosure or discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED.R.CIV.P. 26(e)(1)(A).

Plaintiff raises three arguments in its Motion to Strike Defendant's Expert Designation of Daniel Long. Each argument fails to persuade the Court. First, Plaintiff argues that by submitting a cover letter, spreadsheet, and estimate "as a purported substitute for the requisite report," Defendant thereby "failed to attach a signed report of the witness that contains all requisite information required by Federal Rule of Civil Procedure 26(a)(2)(B)." (Doc. 45). However, as Defendant appropriately recognizes, "nowhere in the Federal Rules of Civil Procedure . . . is a required, or even suggested, format stated." (Doc. 46). Regardless of the format of the report, the information provided sufficiently meets the requirements of Rule 26(a)(2)(B)(i-vi).

Second, Plaintiff argues that Defendant failed to timely disclose Mr. Long. Plaintiff appears to be arguing that, even though Defendant's expert disclosure was due March 1, 2013, the fact that Defendant is also a Counter-Plaintiff means that she should have adhered to the Plaintiff's deadline of January 1, 2013. Federal Rule of Civil Procedure 26(a)(2)(D) gives the court full authority to set discovery disclosure deadlines. This Court's Order plainly stated: "Defendant's experts: March 1, 2013." Had the court intended for Defendant to disclose expert

5

testimony relating to a counterclaim element at an early date, it would have been provided in the Court Order. A plain reading of the Court Order allowed Defendant until March 1, 2013 to disclose her experts.

Finally, Plaintiff argues that it suffered substantial prejudice in Defendant's failure to disclose Long in her Answers to Plaintiff's Interrogatories. Defendant notes that, "Long was first retained by Plaintiff on February 21, 2013, and was disclosed, along with his opinions, on March 1, 2013." (Doc. 38). Given the close proximity in time between when Mr. Long was retained and disclosure, Plaintiff was informed in a timely manner under Rule 26(e)(1)(A). Again, this Court expresses no opinion on whether Mr. Long's testimony will be admitted at trial or otherwise.

## CONCLUSION

For the foregoing reasons, the Motion to Bar Testimony of Jeffrey Watkins filed by Defendant, Georgia Goriola, on February 6, 2013 (Doc. 40) is **DENIED** and the Motion to Strike Defendant's Expert Designation of Daniel Long filed by Plaintiff, Metropolitan Casualty Insurance Company, on March 8, 2013 (Doc. 45) is **DENIED**.

**DATED: May 15, 2013**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**