# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**METROPOLITAN CASUALTY**
**INSRUANCE COMPANY,**

                                      No.   3:11-cv-00745-DRH-DGW

    Plaintiff/Counterclaim-Defendant,

vs.

**GEORGIA GORIOLA,**

    Defendant/Counterclaim-Plaintiff.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.    Introduction and Background

Before the Court is plaintiff and counterclaim-defendant Metropolitan Casualty Insurance's ("Metropolitan") motion for summary judgment (Doc. 47). Metropolitan argues that it is entitled to summary judgment because there are no genuine issues of material fact as to defendant and counterclaim-plaintiff Georgia Goriola's ("Goriola") material misrepresentations which defeat her homeowner's insurance coverage in this instance. Goriola opposes the motion (Doc. 49). For the following reasons, the Court **GRANTS** Metropolitan's motion for summary

judgment.

Metropolitan brought this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202 against Goriola seeking declaration by this Court that it does not owe a duty to indemnify Goriola in accordance with a homeowner's insurance policy issued to Goriola by Metropolitan. Metropolitan further seeks recovery of any advance payments, the amount paid to the mortgage holder, if any, and the amount of expenses incurred in investigation, adjustment, and evaluation of the claim including attorney's fees. Metropolitan generally argues that the underlying harm to the property, a fire, was intentionally set and that even if Goriola was not responsible for the fire, she has misrepresented the value of the home and her personal property thereby defeating her coverage (Doc. 2).

## II.  Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as to a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States,* 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing

that there is a genuine issue of fact for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp. V. Catrett,* 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. Facts

Metropolitan issued a homeowner's insurance policy, No. 3492236000, to Goriola covering Goriola's dwelling for $149,856 and her personal property for $104,899 (Doc. 47, Ex. A). On September 24, 2010, a fire occurred at Goriola's residence causing damage to the dwelling and the personal property located within. While the State Fire Marshall's Office determined the next day that the cause of the fire was undetermined, on September 28, 2010, private firm Pyr-tech, Inc. concluded that the fire was intentionally set (Doc. 49, Ex. 2). At the time of the fire, Goriola was behind on her mortgage payments (Doc. 47, Ex. B at 11:9-12).

On November 4, 2010, Goriola submitted a Sworn Statement in Proof of Loss to Metropolitan, making a formal demand for payment under the policy and claiming an actual cash value of the property of $110,000 and loss and damage amounting to $89,000 (Doc. 47, Ex. E). Attached to the proof of loss, Goriola submitted a handwritten list indicating the value of each item of personal property

and its approximate age (Doc. 47, Ex. E at 3-7).[1] At issue in Metropolitan's motion for summary judgment is whether the statements in the proof of loss accurately reflect the value of the home and the personal property contained within.

There is a genuine issue of fact as to whether the proof of loss was accepted or rejected. In his deposition, Roger Faulke, the claims adjuster, indicated that he did not know whether the proof of loss was accepted or rejected by Metropolitan (Doc. 49, Ex. 3 at 58:6-59:10) and, in her deposition, Vickie Nolan, also from Metropolitan, stated that she did not think Goriola had ever submitted a complete proof of loss statement (Doc. 47, Ex. G at 111:22-112:23). On December 30, 2010, Metropolitan sent Goriola a certified letter indicating that Metropolitan had neither accepted nor rejected Goriola's proof of loss (Doc. 49, Ex. 7). It again contacted Goriola on August 12, 2011 stating it was still investigating the claim (Doc. 49, Ex. 8).

The relevant portion of the applicable policy provision is as follows:

10. Under **GENERAL CONDITIONS**:
    A. Item 2. **Concealment or Fraud** is deleted and replaced by:
        2. **Concealment or Fraud**. If any person defined as **you** conceals or misrepresents any material fact or circumstance or makes any material false statement or engages in fraudulent conduct affecting any matter relating to this insurance or any loss for which coverage is sought, whether before or after a loss, no coverage is provided under this policy to any person defined as **you**.

(Doc. 47, Ex. A at 46.)

---

[1] For example Goriola's handwritten list includes TV smoke damage 4,000.00 10 yr; sewing machine 2,000.00 15 yr; Lamp $500.00 5[y]r etc. (Doc. 47, Ex. E at 3).

The exact cash values of the house and Goriola's personal property are disputed; counsel provides the Court with several different figures and benchmarks to review. Goriola bought the house for approximately $47,000 (Doc. 47, Ex. B at 2). However, upon obtaining the insurance policy with Metropolitan, Goriola reported to Metropolitan that the fair market value of the home was $135,000 (Doc.47, Ex. B at 30). She also reported different figures in her two bankruptcy hearings. In 2007, Goriola filed for bankruptcy declaring $3,870.00 of personal property[2] and $60,000 of real property. *In re Goriola*, No. 07-31711-kjm (Bankr. S.D. Ill. 2007). Her case was dismissed for failure to make the required payments, *Id.* at Doc. 126, and she refiled for bankruptcy in 2009. *In re Goriola*, No. 09-32341-lkg (Bankr. S.D. Ill. 2009). In that case, she claimed that she owned $2,573 of personal property and $60,000 of real property. *Id.* at Doc. 1. The second bankruptcy was also dismissed, this time because Goriola failed to pay, or otherwise disclose, a tax refund check to the Court. *Id.* at Doc. 83. Goriola indicates that she had two different attorneys prepare her 2007 and 2009 bankruptcy petitions and "[w]e . . . do not know the tactics or methods for valuation used by the bankruptcy attorneys, whether certain items were left out of the proceeding for an excusable reason, or whether any mistakes have been made in the bankruptcies" (Doc. 49 at 5).

Approximately a year later, making less than $30,000 in total income,

---

[2] Personal property indicated here and *infra* this paragraph represents the personal property claimed by Goriola before the bankruptcy court potentially covered by the Metropolitan's insurance policy. Goriola made additional claims of personal property in her bankruptcy filings not covered including, for example, pending workers compensation cases and her vehicles. *See In Re Goriola*, No. 07-31711-kjm, Doc. 1 at 10, 11.

Goriola submitted the sworn statement at issue here (Doc. 47, Ex. B at 53:16-56:4). Goriola, a 64-year old woman, stated in her deposition that she acquired the personal property over decades and that the proof of loss represented her best recollection (Doc. 49 at 6, Ex. 10). She acknowledged that she may have made a mistake on her proof of loss but indicated that she did not intend to defraud Metropolitan (Doc. 49, Ex. 9 at 164:4-8). After the fire, Metropolitan's adjuster, Roger Faulk, determined that the total replacement cost of Goriola's personal property was $34,387.91 (Doc. 49, Ex. 5). Goriola submits the report of Dan Long, a retained expert, indicating the cost to repair and replace Goriola's personal property as $64,404.15 (Doc. 49, Ex. 11).

## IV. Analysis

A federal court sitting in diversity jurisdiction must attempt to determine how the dispute before it would be resolved by the state's highest court. *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). In both Illinois state and federal court, concealment and fraud provisions are enforceable. *Trzcinski v. American Cas. Co.,* 953 F.2d 307, 313 (7th Cir. 1992). To rescind an insurance policy under Illinois law for misrepresentations by the insured, the insurer must show that the only reasonable inferences from the record are that misrepresentations were made and that the misrepresentations were either made with intent to deceive or materially affected the risk accepted or hazard assumed. 215 ILCS 5/154; *Methodist Medical Center of Illinois v. American Medical Sec.*

*Inc.*, 38 F.3d 316, 319 (7th Cir. 1994). An insured's misrepresentations regarding the value of insured property are material misrepresentations, even when the insured does not rely on the misrepresentations. *See Passero v. Allstate Ins. Co.*, 554 N.E.2d 384, 387(Ill. App. Ct. 1990); *Barth v. State Farm Fire & Cas. Co.*, 867 N.E.2d 1109, 1116 (Ill. App. Ct. 2007), *aff'd*, 867 N.E.2d 1109, 1116 (2008).

When an insured knowingly makes false statements in a proof of loss, the insured's intent to defraud will be presumed. *Trzcinski,* 953 F.2d at 313. However, "intent to defraud should not be presumed and . . . the trier of fact should make all reasonable allowance for lack of knowledge or sound judgment or for honest mistake on the part of the insured as well as for the tendency to believe that which is to one's own interest." *Id.* "Ordinarily, the defense of fraud and false swearing presents a question of fact for the jury, but it becomes a question of law when the insured's misrepresentations cannot be seen as innocent." *Lykos v. Am. Home Ins. Co.*, 609 F.2d 314, 315 (7th Cir. 1979) (citing *Folk v. National Ben Franklin Insurance Co.,* 359 N.E.2d 1056, 1057 (1976)).

Both parties rely on *Lykos*. In that case, the Court affirmed a district court's grant of judgment notwithstanding the verdict where uncontradicted evidence showed that the insured knowingly and grossly overvalued the contents of a building that was damaged by fire. *Id.* at 316. Specifically, the insured did not consult business records or merchants regarding the items, inflated their quantities, and duplicated claims. *Id.* at 315-16. Instead of justifying the miscalculations, the insured attempted to dismiss them as merely a starting point

for negotiations. *Id.* at 316. Metropolitan asserts that Goriola's case is similar; Goriola grossly inflated and misrepresented her claimed losses contained in her sworn proof of loss, in violation of her policy, beyond any reasonable explanation (Doc. 47 at 6). Goriola, in turn, asks the Court to distinguish this case from *Lykos* because Goriola's proof of loss statement has yet to be accepted or rejected and, unlike here, in *Lykos* the insureds admitted to intentionally submitting inflated figures as a negotiating tactic (Doc. 49 at 8).

As a preliminary matter, Goriola incorrectly frames the argument. Acceptance or rejection of the proof of loss is irrelevant. Goriola sent to Metropolitan a sworn, notarize statement in proof of loss thereby submitting these representations to the insurer. Again, the insurer need not rely on the statements for them to be material. *See Passaro,* 554 N.E.2d at 387*; Barth,* 867 N.E.2d at 1116*.*

Goriola then essentially urges the Court to accept her representations on the proof of loss as the honest mistake of a senior woman. However, "an applicant's professed belief in the truthfulness of her answers is not sufficient to enforce the contract if actual knowledge clearly contradicts the belief." *Conti v. Health Care Serv. Corp.*, 882 N.E.2d 614, 621 (Ill. App. Ct. 2007) (citing *Golden Rule Insurance Co. v. Schwartz,* 786 N.E.2d 1010, 1016 (2003)). The Court cannot overlook Goriola's sworn statements to the bankruptcy court. Goriola is ultimately responsible for them, notwithstanding representation in both proceedings.

While some discrepancy could be interpreted as unintentional, the evidence

presented to the Court establishes that the amounts claimed by Goriola were grossly overstated such that the Court cannot find the conduct innocent. She bought her home for $47,000, claimed it was worth $60,000 in the bankruptcy proceedings, and then submitted a proof of loss for almost twice that amount ($110,000). Her representations regarding the value of her personal property are equally egregious. In the proof of loss she submitted a number $24,595.85 greater than what *even* her expert established and, to the untrained eye, the representations are patently unreasonable given the age of some of the items. *See Tenore v. American & Foreign Ins. Co. of N.Y.*, 256 F.2d 791, 795 (7th Cir. 1958) (finding fraud as a matter of law where a homeowner overvalued his gun collection even though he used a catalog wholesale value of the new guns, when the evidence showed that the guns were old and missing parts and the insured's own expert testified that the collection was worth less than half of what the insured claimed).

Therefore, while it is unusual for a court to resolve a factual dispute with summary judgment, upon a full review of the record and "all reasonable allowance for the possibility of innocent mistake," the Court is compelled to find that the claims were deliberately false. *Lykos*, 609 F.2d at 316. Here, as the Court in *Lykos* concluded, "[t]he misrepresentations can in no way be seen as innocent and no reasonable jury could find otherwise." *Id.* The Court consequently need not discuss Goriola's financial troubles or the arson evidence and concludes that Metropolitan may rescind her homeowner's insurance policy.

## V. Conclusion

Accordingly, the Court **GRANTS** plaintiff and counterclaim-defendant Metropolitan Casualty Insurance's motion for summary judgment (Doc. 47). Further, the Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Metropolitan Casualty Insurance and against defendant and counterclaim-plaintiff Georgia Goriola.

**IT IS SO ORDERED.**

Signed this 11th day of December, 2013.

David R. Herndon
2013.12.11
04:30:59 -06'00'

**Chief Judge**
**United States District Court**