IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**METROPOLITAN CASUALTY**
**INSRUANCE COMPANY,**

    **Plaintiff/Counterclaim-Defendant,**

                                                                       No.   3:11-cv-00745-DRH-DGW

**vs.**

**GEORGIA GORIOLA,**

    **Defendant/Counterclaim-Plaintiff.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is plaintiff and counterclaim-defendant Metropolitan Casualty Insurance's ("Metropolitan") motion for reasonable attorneys' fees and expenses (Doc. 55). Defendant and counterclaim-plaintiff Georgia Goriola ("Goriola") subsequently filed a request for adversary submissions on Metropolitan's motion for reasonable attorneys' fees and expenses (Doc. 60). The Court **GRANTS** the motion and will therefore consider Goriola's response (Doc. 61). Metropolitan thereafter replied (Doc. 63). For the following reasons, the Court **GRANTS in part** and **DENIES in part** Metropolitan's motion for reasonable attorneys' fees and expenses.

### I.   Background

Metropolitan brought this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202, against Goriola seeking declaration by this Court that it does not

owe a duty to indemnify Goriola pursuant to a homeowner's insurance policy issued to Goriola by Metropolitan. Metropolitan further sought recovery of any advance payments, the amount paid to the mortgage holder, if any, and the amount of expenses incurred in investigation, adjustment, and evaluation of the claim including attorney's fees. On December 11, 2013, the Court granted Metropolitan's motion for summary judgment and closed the case.

Metropolitan seeks recovery of its attorney's fees and expenses incurred in the investigation, adjustment, evaluation and litigation of this claim, including amounts advanced to Goriola. Metropolitan indicates that it provided Goriola with advance payments totaling $9,000 ($5,000 on September 27, 2010, $2,000 on November 1, 2010, and $2,000 on November 15, 2010). Metropolitan also states that it advanced expenses to Goriola totaling $12,213.58 to fund her extended stay at the Comfort Inn in Cahokia, Illinois, an additional $19,328.45 for cleaning and storing various content items belonging to Goriola, and $5,537.28 to board-up Goriola's dwelling and to make emergency repairs to the same. Metropolitan additionally requests reasonable attorneys' fees totaling $58,501. In support of these totals, Metropolitan provides the affidavit of Debra-Lynn Benvenuto, Senior Claim Adjuster for Metropolitan (Doc. 55-1 at 1-4), relevant invoices (Doc. 55-1 at 5-50), and the affidavit of Robert W. Cockerham, counsel of record for Metropolitan. Metropolitan then moved for leave to file under seal its billing records as Exhibit C (Doc. 56).

In her response, Goriola asserts that Metropolitan's motion should be denied because it is untimely, provides no authority for the imposition of attorneys' fees against Goriola, and because it requests additional relief without providing Goriola with reasonable notice of the claim and an opportunity to be heard.

Metropolitan subsequently replied (Doc. 63).  Metropolitan asserts that the motion was in fact timely as it was filed to resolve Metropolitan's remaining claim and therefore Federal Rule of Civil Procedure 54 does not apply.   Metropolitan also argues that its motion contains authority supporting the recovery of attorneys' fees and specifically notes its citations regarding Illinois precedent on rescission. Finally, Metropolitan asserts that its motion seeks the precise relief it sought when this suit was filed.

## II.  Analysis

### A. Advances

Metropolitan requests recoupment of the advance payments it made to Goriola.  Under Illinois law, "[t]he remedy of rescission generally requires each party to return to the other the value of the benefits received under the rescinded contract."  *Newton v. Aitken*, 633 N.E.2d 213, 216 (2nd Dist. 1994).  On December 11, 2013, this Court concluded that the insurance policy at issue would be rescinded due to Goriola's material misrepresentations.  Accordingly, Metropolitan is entitled to the advances and Goriola to her insurance premiums. However, Goriola fails to address the premiums in her response, instead relying on

28 U.S.C. § 2202's notice and hearing requirement. Further, she states, " [a]t a minimum, if Metropolitan wishes to recover its advances on the basis of rescission, Ms. Goriola must be provided with an opportunity to determine premiums paid to Metropolitan for the policy, and the fourteen (14) days Ms. Goriola has to respond to Metropolitan's Motion is insufficient to explore that issue" (Doc. 61 at 3). The Court disagrees — this was Goriola's opportunity to address the issue. If Goriola needed more time to review her premiums, then she should have requested an extension of time. Furthermore, while the parties did not address this issue at the Summary Judgment stage of the litigation, Metropolitan's complaint clearly indicates a request for these advance payments (Doc. 2 at 7). Therefore, the Court finds that Goriola has waived the argument. Goriola also does not object to Metropolitan's statements regarding the amount of the advances. As such, the Court finds that Metropolitan is entitled to recoup its advances to Goriola totaling **$46,079.31**.

**B. Attorneys' Fees**

Metropolitan also seeks to recover its attorneys' fees. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i), a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment." Judgment in this case was entered on December 16, 2013 (Doc. 54). However, Metropolitan's motion for attorney fees and expenses was not filed until January 8, 2014, outside the 14-day window. The Court finds unpersuasive Metropolitan's argument that its request for

attorneys' fees is a separate claim. While Metropolitan did indicate the request in the complaint, the procedures of Rule 54 still apply. Therefore, the Court **DENIES** Metropolitan's request for attorneys' fees. Further, the Court need not review Metropolitan's billing statements, therefore the Court also **DENIES** Metropolitan's motion to seal document (Doc. 56).

### III.  Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Metropolitan's motion for attorney fees and expenses (Doc. 55). The Court **GRANTS** Goriola's request for adversary submissions (Doc. 60) and **DENIES** Metropolitan's motion to seal document (Doc. 56).

**IT IS SO ORDERED.**

Signed this 21st day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.21 14:51:08 -05'00'

**Chief Judge**
**United States District Court**